**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert LOEHR, Defendant–Appellant.**

**No. 91–1655.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 6, 1992.

Decided June 10, 1992.

Rehearing En Banc Denied
July 24, 1992.

Michael A. MacDonald, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Atty., Grand Rapids, Mich., for plaintiff-appellee.

David A. Dodge (argued and briefed), Grand Rapids, Mich., for defendant-appellant.

Before: NELSON and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.

KRUPANSKY, Senior Circuit Judge.

Appellant, Robert Loehr (defendant), appealed the district court's judgment convicting him of attempted money laundering in violation of 18 U.S.C. § 1956(a)(3)(B) and the imposed sentence of 41 months incarceration, two years of supervised release, and a mandatory special assessment fee of $50.00 pursuant to the November 1990 United States Sentencing Guidelines (U.S.S.G.). The defendant asserted several assignments of error on appeal.

The defendant was a car salesman in Grand Rapids, Michigan. Law enforcement personnel became aware of appellant from his past relationship with a convicted drug trafficker, Credell "Petey" Carpenter (Carpenter). Carpenter advised Special Agent Sanford Simons (Simons) that the defendant had sold him and his girlfriend, Chrystal Bell (Bell), vehicles in 1986 and 1987 knowing that they were purchased with the proceeds from drug transactions. Further, Carpenter revealed that Loehr knew him to be a drug dealer.

With the assistance of Carpenter and Bell, Simon initiated a "sting" investigation to determine if Loehr was laundering money through his employer's car dealership. The sting required that Carpenter and Bell attempt the purchase of an automobile after clearly informing the defendant that the purchase price was to be paid from drug proceeds. Further, the purchase required that Loehr title the vehicle in the name of a fictitious third party.

After he was contacted by Bell and Carpenter and advised that the vehicle would be purchased with drug money, the defendant agreed to sell Carpenter a selected automobile for cash without executing an IRS Form 8300 evidencing a cash sale in excess of $10,000 and to title the vehicle in a fictitious name. The defendant prepared the requisite paper work, i.e., a purchase agreement signed by Bell in a fictitious name. He presented the sales agreement to David Delaat, Jr. (Delaat, Jr.), the general manager of the automobile dealership, who typed the information onto the proper form and completed the other necessary purchase documentation, such as the state registration application, the odometer statement, and the temporary registration. Delaat, Jr. noted that the driver's license number and proof of insurance were missing.

On the day of the transaction, Bell arrived at the dealership with an undercover agent and gave the defendant $20,000 in cash. Loehr accepted the money and told Bell she could take possession of the car that day. Thereafter, Simon and another special agent entered the dealership and found the defendant in a windowless room where he was in the process of counting the money. Loehr was later indicted and charged with attempted money-laundering in violation of 18 U.S.C. § 1956(a)(3)(B).

During the jury trial, three witnesses testified concerning the paperwork required to complete an automobile transaction. Delaat, Jr. testified that when the purchase agreement was presented to him for typing, the transaction was completed. Craig Brockette, the owner of the dealership, stated that the transaction in the instant action was near completion. David Delaat, Sr., the business manager, testified that the transaction in the instant action was over 50% completed.

In order to prove that the defendant knew Carpenter and Bell in the past and that Carpenter was a drug dealer, the court

permitted the testimony of various witnesses who described Loehr's past interactions with Carpenter. Agent Simon testified that in 1986 and 1987 the defendant worked at his father's car dealership where he met Carpenter and Bell. Joshua Simpson, who had previously worked with the defendant at his father's car dealership, testified that Loehr knew Carpenter was a drug trafficker and that the defendant and Carpenter had met during a car transaction in 1986 or 1987. Finally, Carpenter testified that he was a drug dealer and had met the defendant at his father's car dealership where he told Loehr that he was a drug dealer. The defendant objected to the foregoing testimony charging that it was evidence of prejudicial "similar acts" in violation of Rule 404(b) of the Federal Rules of Evidence. The court overruled the defendant's objections concluding that the evidence was probative to prove Loehr's intent to engage in the money-laundering scheme and his knowledge of the IRS requirement to file a form whenever a money transaction over $10,000 takes place.

The jury returned a verdict of guilty against the defendant. The court sentenced him to 41 months incarceration, two years of supervised release, and a mandatory special assessment fee pursuant to the November 1990 United States Sentencing Guidelines. During the sentencing hearing, the defendant asserted several objections to the presentence report, including the accuracy of the offense level computation and urged the court to depart downward from the guidelines. The court overruled his objections and determined that the defendant had a base offense level of 20 pursuant to U.S.S.G. § 2S1.1(a)(2). Thereafter, the court increased the offense level by three to account for specific offense characteristics pursuant to 2S1.1(b)(1). After allowing defense counsel time to present additional arguments, the court decided not to depart downwards from the guideline's sentence as requested by the defendant.

■ In his first assignment of error, the defendant argued that the evidence was not sufficient to prove that he per-formed one or more overt acts to constitute a substantial step toward the commission of the attempted money-laundering offense. In order to prove that a criminal offense was an attempt within the meaning of the statute here in issue, the government must prove that the individual charged intended to engage in the proscribed criminal activity and that the accused performed an overt act in furtherance of the criminal act proscribed by the statute. *United States v. Pennyman*, 889 F.2d 104, 106 (6th Cir.1989). The degree of a defendant's performance of a substantial act in furtherance of the illegal activity is a factual issue to be resolved according to the circumstances of each particular case. *United States v. Joyce*, 693 F.2d 838 (8th Cir.1982). The government:

> is under no obligation to wait until the sale was actually completed before intervening. That is of course true for if the sale has been completed it is no longer a mere attempt. Something less than a consummated sale suffices to prove an attempt provided it is a substantial step toward completion.

*United States v. Cea*, 914 F.2d 881, 888 (7th Cir.1990).

The record disclosed that the defendant accepted over $20,000 in cash for the sale of an automobile and that Bell made it clear that she intended to take the car with her that same day. Further, the defendant prepared paperwork in the name of a fictitious buyer as directed by Bell in an effort to complete the transaction at issue, and he assured the purchaser that the IRS form required to disclose cash transactions that exceeded $10,000 would not be filed. Although three witnesses testified that the transaction was either completed, near completion, or 50% completed, a reasonable juror could have concluded that the defendant's actions were a substantial step toward the commission of the crime charged. The government was not required to prove that the transaction was completed. Accordingly, this assignment of error is without merit.

■ Loehr next contended that the statute, 18 U.S.C. § 1956(a)(3)(B), was void-for-

vagueness and not intended to apply to an individual such as himself who was not actively engaged in money-laundering or drug dealing before the initiation of the sting operation. The rule of statutory construction begins with the plain meaning of the words in the statute. *United States v. Ransbottom*, 914 F.2d 743, 745 (6th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 439, 112 L.Ed.2d 422 (1990). The void-for-vagueness doctrine requires only that "ordinary" people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). The vagueness of statutes that do not threaten first amendment interests is examined in light of the case at hand. *Maynard v. Cartwright,* 486 U.S. 356, 361, 108 S.Ct. 1853, 1858, 100 L.Ed.2d 372 (1988).

An examination of 18 U.S.C. § 1956(a)(1)(B) indicates that in order for an accused to be convicted under the above provision, the government must prove that he had the specific intent to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity. Furthermore, representations must be made by law enforcement officers, or by those acting under their direction, and must relate to specified unlawful conduct enumerated in the statute pursuant to § 1956(c)(7). The provision is clear and applies to anyone who has the requisite intent to engage in the conduct as defined in the statute. *See also United States v. Jackson,* 935 F.2d 832 (7th Cir.1991) (court concluded that § 1956(a)(1) was not unconstitutionally vague). Accordingly, this assignment of error is without merit.

■ The defendant next argued that the court abused its discretion when it admitted evidence of the defendant's past associations with Carpenter because such evidence violated Fed.R.Evid. 404(b). Rule 404(b) generally prohibits the introduction of testimony that relates to prejudicial similar acts unless that evidence bears upon a relevant issue in the case such as motive,

opportunity or knowledge. *United States v. Zelinka,* 862 F.2d 92, 98 (6th Cir.1988). The court determined that the testimony of Agent Simons, Simpson, and Carpenter was probative of the defendant's intent and knowledge. There ·was no mention in the admitted testimony that Carpenter had purchased automobiles in the past from the defendant using drug money. Accordingly, the trial court did not abuse its discretion when it permitted this testimony to be admitted into evidence.

■ Finally, the defendant charged that the court erred in its application of the November 1990 Sentencing Guidelines. Loehr noted that U.S.S.G. § 2S1.1 was drafted before the enactment of 18 U.S.C. § 1956(a)(3). Thus, he contended that it was designed to punish a class of defendants to which he did not belong. However, "[t]his court will give due deference to a district court's application of the Guidelines to the factual situation found to exist and will review such a choice for clear error." *United States v. Hamilton,* 929 F.2d 1126 (6th Cir.1991). We do not believe that the district court committed clear error in the choice it made. Further, the district court correctly elevated the base level offense by three because the evidence was sufficient to prove that the defendant had the necessary knowledge or belief that the source of the funds for the transaction was from drug proceeds. Finally, the defendant may not appeal the failure of the district court to depart from the guidelines when the sentence imposed is within the guidelines and otherwise valid. *United States v. Draper,* 888 F.2d 1100 (6th Cir. 1989). This court concludes that the defendant's remaining assignments of error are equally without merit.

Accordingly, after a review of the record, the briefs and arguments of counsel, the district court's disposition is hereby AFFIRMED.