29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Barry PARONT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patricia Ann BROWN, Defendant-Appellant.
 Nos. 93-10503, 93-10504.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1994.*
Decided July 18, 1994.
 
 1
 Before: LEAVY and KLEINFELD, Circuit Judges, and VAN SICKLE District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Paront and Brown operated a fraud racket. The victims wanted to borrow money. Paront would charge them a fee, which would be wired to Brown. Brown or Paront would cash the wires at Las Vegas casinos or a grocery store. Paront had told the victims that for their fees, of thousands or tens of thousands of dollars, he would arrange loans to them of money, or use by them of someone else's assets as collateral, in the millions of dollars. In fact, he had no intention of arranging loans or collateral. The communications were just lies to induce the victims to send Paront and Brown their money.
 
 
 4
 In addition to being convicted of conspiracy and wire fraud, Paront and Brown were convicted of money laundering. The money laundering statute, 18 U.S.C. Sec. 1956(a)(1)(A)(i), is not void for vagueness.[1] Appellants have not identified any element in the crime described so vaguely that an ordinary person could not understand what was prohibited. Kolender v. Lawson, 461 U.S. 352, 357 (1983); Chalmers v. City of Los Angeles, 762 F.2d 753, 757 (9th Cir.1985). Nor have they shown that the crime is defined in a manner that encourages arbitrary and discriminatory enforcement. Id. Appellants do not tell us which words are vague, but the argument apparently goes to the definition of criminal state of mind as "intent to promote the carrying on of specified unlawful activity." As statutory identifications of the requisite mental state go, that one is quite clear. See United States v. Loeher, 966 F.2d 201, 203-04 (6th Cir.1992); United States v. Jackson, 935 F.2d 832, 838-39 (7th Cir.1991).
 
 
 5
 Appellants' claim of insufficiency of evidence, based on the same language, would be much stronger if we were permitted to read the statute fresh. "There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Monroe, 943 F.2d 1007, 1015 (9th Cir.1991). When Ms. Brown cashed the wire transfers, the cash appears to have been the fruit of the crime, not the means. United States v. Jackson, 935 F.2d 832 (7th Cir.1991), in the Seventh Circuit, would require proof by the government that the money was plowed back into the crime. The government's proof of that proposition may be thin, as appellants argue. We need not decide whether it was sufficient, however, because in this circuit, United States v. Montoya, 945 F.2d 1068 (9th Cir.1991), controls. We are not free to follow Jackson. Under Montoya, cashing money transfers is enough. Id. at 1076. We are unable to see the distinction on its facts of Montoya argued by appellants.[2]
 
 
 6
 The trial judge did not impermissibly amend the indictment or permit a variance of proof from the charges. The government could prove all the elements of the crime charged without establishing that Paront's intention was to use the corporation for fraud at the time he incorporated it. The district judge correctly determined that his intention at that earlier time did not matter. The government did not have to prove this immaterial fact just because it was alleged in the indictment. United States v. Miller, 471 U.S. 130, 136 (1985); United States v. Barany, 884 F.2d 1255, 1258 (9th Cir.1989). Because this fact went beyond charging the elements of the crime, "it [was] mere surplusage that need not be proved." United States v. Jenkins, 785 F.2d 1387, 1392 (9th Cir.1986). Appellants had the benefit of the grand jury on the material elements, United States v. Leichtnam, 948 F.2d 370, 377 (7th Cir.1991), and have suggested no risk of double jeopardy and demonstrated no unfair surprise.
 
 
 7
 Paront has demonstrated no clear error in the district court finding that the amount of money laundered, for sentencing guideline's purposes, was $571,288. See U.S.S.G. Sec. 2S1.1(b)(2). The $465,000 testimony at trial did not limit the loss, because the district court may consider evidence which comes in at sentencing, but not trial. 28 U.S.C. Sec. 3661; 1992 U.S.S.G. Sec. 1 B1.3; United States v. Fine, 975 F.2d 596 (9th Cir.1992) (en banc); United States v. Newbert, 952 F.2d 281, 283 (9th Cir.1991). The probation officer's computation and Agent Poinier's post-trial computation of fees stolen from the victims were well enough established for sentencing purposes. See 1992 U.S.S.G. Secs. 1 B1.3; 6A1.3. Paront made no showing to the contrary.
 
 
 8
 The district judge did not abuse his discretion when he refused to declare a mistrial. The prosecutor's remark, "We've never talked about this case, have we?" is not on its face a suggestion that Brown exercised her right to remain silent when questioned. The district judge characterized the question as an attempt by the prosecutor to "schmooze it up with the witness." "Schmooze" is a Yiddish word meaning to have a "friendly, gossipy, prolonged, heart-to-heart talk." Leo Rosten, The Joys of Yiddish 360 (1968). We see nothing wrong with that finding. The government investigator testified that Ms. Brown had met with and spoken with him more than once, and provided numerous documents in response to his requests, so an inference that she had refused to speak with government representatives, and asserted her right to refuse to answer questions, would not have made any sense in the context.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Fred L. Van Sickle, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 18 U.S.C. Sec. 1956 provides in pertinent part:
 (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--
 (A)(i) with the intent to promote the carrying on of specified unlawful activity.
 "Specified unlawful activity" includes wire fraud.
 
 
 [2]
 There was testimony that part of the money was used to pay people who brought in the victims, and that small amounts went to the phone, fax, and mail expense of Paront's corporation [V Tr. 88-89; VI Tr. 134, 137-140]. That might be enough for the plowing back required by Jackson, even if we were to distinguish Montoya