45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
NISSAN VAN 1987 VIN JN8HD16Y8HWO14378, Hawaii License HID
881 One (1), Defendant,
and
Big Island Motors, Inc., a Hawaii corporation, dba Hilo
Mazda, Claimant-Appellant.
 No. 93-17033.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1994.*
Decided Dec. 20, 1994.
 
 Before: SNEED, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Big Island Motors ("Big Island") timely appeals from a judgment of civil forfeiture against two of its vehicles, a 1987 Nissan van and a 1984 Chevrolet pickup truck. In essence, Big Island argues that (1) the government failed to prove probable cause that the vehicles were involved in a money laundering transaction and (2) the district court erred in rejecting Big Island's innocent owner defense. We affirm.
 
 I.
 
 3
 The Internal Revenue Service ("IRS") investigated several Hawaiian car dealerships for suspected violations of currency reporting and money laundering statutes. Undercover agents, posing as drug dealers, attempted to buy vehicles from various dealerships. In each instance, the salespeople were told that the agents were drug dealers, that they wanted to pay cash, and that they did not want the transactions reported to the IRS.
 
 
 4
 One of the salespeople approached with this arrangement was Burr Cox, an employee at Bay City Jeep-Eagle-Mazda. The undercover agents told Cox that they were drug traffickers and that they did not want to report the car purchase to the IRS. Cox went along with the scheme and sold the undercover agents a vehicle in April 1992.
 
 
 5
 Three months later, the agents approached Cox again. This time he was a new employee at Big Island's dealership, Hilo Mazda. Cox agreed to sell the agents a 1987 Nissan Pathfinder and a 1984 Chevrolet pickup truck for $19,000, again assuring the agents that he would not report the sale to the IRS. On July 16, 1992, the agents met with Cox in his office at Hilo Mazda. Cox was given part of the payment in cash; the exact amount is not in the record, but it was less than the full $19,000. One of the agents then left, explaining that he was going out to get the rest of the money. At this point, Cox was arrested, and the vehicles were seized.
 
 
 6
 On November 16, 1992, the United States filed a forfeiture complaint against the two vehicles pursuant to 18 U.S.C. Sec. 981, which provides for the forfeiture of property involved in a money-laundering transaction. Both the government and Big Island filed motions for summary judgment. The district court found that the government had shown probable cause that the vehicles were involved in an attempted money laundering transaction in violation of 18 U.S.C. Sec. 1956(a)(3). The court further found that Big Island had failed to prove an innocent owner defense under 18 U.S.C. Sec. 981(a)(2). The court therefore granted the government's motion for summary judgment and entered a judgment of forfeiture on September 9, 1993.
 
 
 7
 Big Island appeals. This court has jurisdiction under 28 U.S.C. Sec. 1292.
 
 II.
 
 8
 This court reviews a grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. In this case, we must evaluate the summary judgment in light of the quite summary procedural requirements provided by the statutory law of civil forfeitures. United States v. One 56-Foot Motor Yacht Named the Tahuna, 702 F.2d 1276, 1281 (9th Cir.1983).
 
 A. Probable Cause
 
 9
 To meet its burden, the government must show probable cause to believe that Big Island's vehicles were involved in the illegal money laundering transaction. 18 U.S.C. Sec. 981(a)(1)(A) & (d) (civil forfeiture of property involved in an attempted transaction in violation of 18 U.S.C. Sec. 1956); 19 U.S.C. Sec. 1615 (probable cause standard); United States v. $5,644,540.00 in U.S. Currency, 799 F.2d 1357, 1362 (9th Cir.1986) (applying identical standard in civil forfeiture case under 21 U.S.C. Sec. 881). "The standard of probable cause to support a seizure for forfeiture is similar to that required to obtain a search warrant." Tahuna, 702 F.2d at 1281. Probable cause exists when the circumstances provide "reasonable grounds to believe that the property was related to an illegal ... transaction, supported by less than prima facie proof but more than mere suspicion." $5,644,540.00, 799 F.2d at 1362.
 
 
 10
 Once the government made a showing of probable cause, the burden shifted to Big Island to show by a preponderance of the evidence that forfeiture was inappropriate. United States v. 1 Parcel of Real Property, Lot 4, Block 5 of Eaton Acres, 904 F.2d 487, 491 (9th Cir.1990). To refute the government's showing of probable cause, Big Island claims that the government's evidence was insufficient to show that the vehicles were involved in any violation of the money laundering statute. In particular, Big Island argues that its obligation to file the requisite IRS form never materialized because it did not receive cash in excess of $10,000, and because the government failed to wait and see whether Big Island would comply with the reporting requirement before the waiting period expired.
 
 
 11
 These arguments are meritless. The government states, correctly, that it was only required to show probable cause to believe that (1) Cox had attempted to sell the vehicles to the undercover agents (2) in exchange for cash represented to be the proceeds of drug trafficking (3) with the intent to avoid reporting the transaction to the IRS. 18 U.S.C. Sec. 1956(a)(3)(C); see United States v. McLamb, 985 F.2d 1284, 1292 (4th Cir.1993). The government was not required to prove that the transaction was completed, or that Cox's intent to avoid the IRS reporting requirement was ever realized. United States v. Loehr, 966 F.2d 201, 203 (6th Cir.), cert. denied, 113 S.Ct. 655 (1992). A showing of "culpable intent and a substantial step toward the commission of the crime strongly corroborative of that intent" is sufficient to prove an attempt. McLamb, 985 F.2d at 1292; see also United States v. Smith, 962 F.2d 923, 930 (9th Cir.1992). The government's evidence showed probable cause to believe that an attempt to violate the money laundering statute had occurred.
 
 B. Innocent Owner Defense
 
 12
 Big Island also argues that it is an "innocent owner" with no knowledge of the criminal activity involving the vehicles. 18 U.S.C. Sec. 981(a)(2); United States v. All Monies, 754 F.Supp. 1467, 1477 (D.Haw.1991).[1] The burden is on Big Island to prove it was an innocent owner by a preponderance of the evidence. 18 U.S.C. Sec. 981(a)(2); United States v. Real Property (Carlson), 976 F.2d 515, 520 (9th Cir.1992).
 
 
 13
 Big Island offers the sworn declaration of its president, David S. De Luz, as proof that the company had no knowledge of Cox's illegal activity. We have held that a "detailed declaration" by the owner can create a genuine issue of material fact that defeats the government's motion for summary judgment. Eaton Acres, 904 F.2d at 492. De Luz's declaration, however, merely sets forth conclusory allegations about Big Island's lack of knowledge, without factual support; it is therefore insufficient to create a triable issue of fact. Id. at 492 n. 3; see also United States v. 1980 Red Ferrari, 827 F.2d 477, 480 & n. 3 (9th Cir.1987).
 
 
 14
 Even if De Luz's declaration were more detailed, however, Big Island still could not prevail. It is not sufficient for Big Island to show that it lacked actual, subjective knowledge of Cox's activities. First, Cox's actions and his intent are imputed to Big Island under the doctrine of respondeat superior. Cox was authorized to sell cars and to give receipts for cash sales. The district court found that Cox sold the cars with the intent to give some benefit to Big Island; thus, Cox's acts fell within the scope of his employment. United States v. Beusch, 596 F.2d 871, 877 (9th Cir.1979); see also United States v. Bank of New England, 821 F.2d 844, 856 (1st Cir.), cert. denied, 484 U.S. 943 (1987).[2]
 
 
 15
 Second, Big Island's "[f]ailure to exercise due care precludes reliance upon the innocent owner defense." United States v. $215,300 U.S. Currency, 882 F.2d 417, 420 (9th Cir.1989), cert. denied, 497 U.S. 1005 (1990); cf. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 690 (1974) (forfeiture statute could constitutionally be applied to otherwise innocent owner who "voluntarily entrusted the lessees with possession of the yacht" where there was "no proof offered that the company did all that it reasonably could to avoid having its property put to an unlawful use"). Big Island must show that it "did all that reasonably could be expected to prevent" the illegal sale of its vehicles. All Monies, 754 F.Supp. at 1478; see also $215,300, 882 F.2d at 420. Big Island has not made such a showing.
 
 
 16
 We find that Big Island is not entitled to the innocent owner defense. The government was therefore entitled to its grant of summary judgment.
 
 
 17
 The judgment of forfeiture is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. Sec. 981(a)(2) provides: "No property shall be forfeited under this section to the extent of the interest of an owner ... by reason of any act or omission established by that owner ... to have been committed without the knowledge of that owner...."
 Although the language of 21 U.S.C. Sec. 881(a)(7), which deals with drug forfeitures, is virtually the same, it prevents forfeiture of real property where the owner establishes that the illegal activity was committed without his "knowledge or consent " (emphasis added). As a practical matter, there is little difference. Knowledge alone defeats the innocent owner defense under both statutes. United States v. One Parcel of Land, Known as Lot 111-B, 902 F.2d 1443 (9th Cir.1990) (per curiam) (Under the drug forfeiture statute, "if the claimant either knew or consented to the illegal activities, the 'innocent owner' defense is unavailable."); All Monies, 754 F.Supp. at 1477 ("[T]o defeat forfeiture with an innocent owner defense under either statute, [claimant] must prove that he had no knowledge of the illegal activity which his [property] was involved in.").
 
 
 [2]
 Big Island points to a Seventh Circuit case, United States v. One Parcel of Land, 965 F.2d 311 (7th Cir.1992), in support of its contention that Cox's actions should not be imputed to it. But One Parcel is readily distinguishable. In that case, the close corporation, whose shareholders were a family of two parents and their son, argued it had no knowledge of the drug-dealing activities of the son. The Seventh Circuit held that the corporation was entitled to prevail on its innocent owner defense. The son "was dealing drugs to benefit [himself,] not as part of his job" at the corporation. Id. at 317. The court reasoned that "knowledge that a corporate agent acquires while not acting at least in part with the intent to benefit the corporation is not imputed to the corporation." Id