79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tommy PORTER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1740.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1996.
 
 1
 Before: NORRIS, SILER and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 Tommy Porter appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 A federal jury convicted Porter of attempting to possess five or more kilograms of cocaine for intended distribution, in violation of 21 U.S.C. § 846. On September 6, 1990, the district court sentenced Porter to 180 months of imprisonment and five years of supervised release. His conviction and sentence were affirmed on direct appeal. 933 F.2d 1010 (table) 1991 WL 85290 (6th Cir.1991).
 
 
 4
 In his § 2255 motion, Porter alleged that there was insufficient evidence to support his conviction. A magistrate judge recommended that the motion be denied because Porter had not shown cause and prejudice that would excuse his failure to raise this claim on direct appeal. The district court adopted the magistrate judge's recommendation over Porter's objections and dismissed the case on June 6, 1995. It is from this judgment that he now appeals.
 
 
 5
 The denial of Porter's § 2255 motion is reviewed de novo on appeal, although the district court's factual findings will be accepted as true unless they are clearly erroneous. See Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). Moreover, even an error of constitutional dimensions may be considered to be harmless if it did not have a substantial and injurious effect or influence on the proceedings. See Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994).
 
 
 6
 The district court properly held that Porter must show cause and actual prejudice that would excuse his failure to raise his current claim on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). To establish cause, Porter must demonstrate that something external to the defense prevented him from raising his current arguments regarding the sufficiency of the evidence at that time. See Murray v. Carrier, 477 U.S. 478, 488 (1986). In his objections to the magistrate judge's report, Porter suggested that he might have raised these arguments earlier if his counsel had made an appropriate objection at trial. However, Porter has abandoned any ineffective assistance of counsel claim that he may have had by failing to raise it in the present appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Porter's failure to make a sufficient showing regarding cause independently precludes review of his claim on the merits. See Murray, 477 U.S. at 494-95.
 
 
 7
 Nevertheless, we note that Porter was not prejudiced by his failure to raise his current claim on direct appeal. In reviewing a sufficiency of the evidence claim we consider the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could accept the evidence as establishing the offense beyond a reasonable doubt. United States v. Epley, 52 F.3d 571, 575 (6th Cir.1995). Circumstantial evidence alone may be sufficient to support a conviction, even if it does not remove every reasonable hypothesis except that of guilt. United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989). Moreover, uncorroborated testimony may be sufficient to support a conviction, even when it is the testimony of an accomplice. Takacs v. Engle, 768 F.2d 122, 127 (6th Cir.1985).
 
 
 8
 To convict Porter of attempt, the government was required to show that he intended to commit the underlying drug offense and that he committed an overt act that constitutes a substantial step towards the commission of that offense. United States v. Shelton, 30 F.3d 702, 705 (6th Cir.1994). The question of whether Porter took a substantial step towards the commission of the offense is a factual matter, and evidence of a consummated sale is not needed to satisfy this element of the attempt charge. See United States v. Loehr, 966 F.2d 201, 203 (6th Cir.), cert. denied, 113 S.Ct. 655 (1992). Moreover, Porter's conviction may be upheld even though he did not actually possess a controlled substance. See United States v. Pennyman, 889 F.2d 104, 106-107 (6th Cir.1989).
 
 
 9
 The testimony of Porter's accomplice provided sufficient evidence from which a rational juror could find that Porter intended to purchase 10 kilograms of cocaine. See Takacs, 768 F.2d at 127. Moreover, this testimony, in conjunction with that of the investigating officers, provided a sufficient basis for a jury finding that Porter had taken a substantial step towards the commission of the offense, as it indicated that he arrived at a prearranged meeting place, at a predetermined time, wearing a bullet-proof vest, with $147,500.00, the exact amount of money that had previously been agreed upon as the purchase price of the cocaine. See Shelton, 30 F.3d at 706-707; Pennyman, 889 F.2d at 106-107.
 
 
 10
 Porter has requested an evidentiary hearing. However, a hearing is not necessary because Porter did not allege specific facts that would provide a basis for relief if they were proven at such a hearing and the existing record is adequate to resolve his claims. See Short v. United States, 504 F.2d 63, 65 (6th Cir.1974) (per curiam).
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation