**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JILL RANDALL, an individual,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CITY OF HUNTINGTON BEACH;<br>STAN WATANABE, in his personal<br>capacity,<br><br>Defendants-Appellees. | No. 15-55421<br><br>D.C. No.<br>8:11-cv-01740-CJC-MLG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 6, 2016
Pasadena, California

Before: D.W. NELSON and OWENS, Circuit Judges, and KORMAN,[**] District
Judge.

Jill Randall appeals the district court's entry of judgment on the jury's

verdict in favor of the City of Huntington Beach and Stan Watanabe. Randall

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

argues that the district court erred in ruling on her proposed instructions regarding (1) Watanabe's integral participation in the allegedly unlawful seizure of Randall's child; (2) the definition of imminent, and the evidentiary showing required for reasonable cause; and (3) Watanabe's failure to intercede. Randall alleges that the district court's instructions were incorrect as a matter of law. As a result, this court reviews de novo. *Jenkins v. Union Pac. R. Co.*, 22 F.3d 206, 210 (9th Cir. 1994); *Norwood v. Vance*, 591 F.3d 1062, 1066 (9th Cir. 2010).

Jury instructions "must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002). "A court is not required to use the exact words proposed by a party, incorporate every proposition of law suggested by counsel or amplify an instruction if the instructions as given allowed the jury to determine intelligently the issues presented." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 726 F.2d 1381, 1398 (9th Cir. 1984). The district court's integral participation instruction–that Watanabe need be an "integral participant" in the unconstitutional seizure, and "not a mere bystander"– adequately captured the legal standard set forth by this court's precedent. *See Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996); *Boyd v. Benton Cty.*, 374 F.3d 773, 780 (9th Cir. 2004). Even if the district court did err by rejecting Randall's proposed instruction, any

error was "more probably than not harmless" considering that including Randall's instruction likely would not have altered the jury's verdict. *Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992). As to Randall's second claim of error regarding the proposed jury instructions on imminence and reasonable cause, the district court's instructions were similarly sufficient. Finally, the district court did not err in declining to instruct the jury regarding Randall's failure to intercede claim, which lacked an adequate legal basis. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

**AFFIRMED.**