**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elizabeth ACANDA, Defendant–Appellant.**

**No. 92–5113.**

United States Court of Appeals,
Eleventh Circuit.

April 22, 1994.

Peter Raben, Coconut Grove, FL, for defendant-appellant.

Orlando A. Prescott, Jeffrey Lang, Dawn Bowen, Linda Collins Hertz, Harriett Galvin, U.S. Attys., Miami FL, for plaintiff-appellee.

Before TJOFLAT, Chief Judge, DUBINA, Circuit Judge, and RONEY, Senior Circuit Judge.

1. (a) Base Offense Level:
   (1) 23, if convicted under 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A);

DUBINA, Circuit Judge:

Appellant Elizabeth Acanda ("Acanda") appeals her sentence imposed by the United States District Court for the Southern District of Florida. The issue presented on appeal is whether the district court erred in its calculation of Acanda's base offense level under the United States Sentencing Guidelines ("U.S.S.G." or "sentencing guidelines").

## I. BACKGROUND FACTS

In late 1988, agents of the Drug Enforcement Agency ("DEA") were operating a large money-laundering reverse sting operation in Los Angeles, California. Large amounts of cash were being delivered by couriers to undercover agents in furtherance of the operation. The government obtained evidence which indicated that Acanda made one delivery in the amount of $135,100.00. She later facilitated a second delivery in the amount of $29,800.00. Acanda was charged in two counts of a 24–count indictment. Count II alleged a violation of 18 U.S.C. § 371 (conspiracy), with the object of that conspiracy being an intent to violate 18 U.S.C. § 1956(a)(1) (laundering of monetary instruments). Count IX charged a violation of 18 U.S.C. § 1956(a)(1). Pursuant to Rule 20 Fed.R.Crim.P., she consented to transfer and entered a guilty plea to Count II of the indictment. The guilty plea was part of a plea agreement with the government, whereby the government agreed to dismiss Count IX in return for Acanda's plea to conspiracy charged in Count II.

In order to calculate the base offense level for a conviction of conspiracy under § 371, the district court looked to § 2X1.1(a) of the sentencing guidelines, which in turn directed the court to look at the substantive offense in determining the base offense level. The district court found the substantive offense of the conspiracy to be laundering monetary instruments under 18 U.S.C. § 1956. The district court held that under U.S.S.G. § 2S1.1(a)[1], the base offense level was 23 because Acanda was convicted of conspiracy

(2) 20, otherwise.

to violate the substantive offenses of §§ 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A).

Acanda argues that § 2S1.1(a)(1) applies only if she was convicted under §§ 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A). Acanda, however, claims that she was not convicted under 18 U.S.C. § 1956 but rather was convicted of conspiracy only under 18 U.S.C. § 371. She claims that § 2S1.1(a)(2) should apply instead, resulting in a base offense level of 20 rather than 23. Acanda also argues that the rule of lenity directs the district court to apply the guidelines most favorable to her.

The government argues that § 2S1.1(a)(1) applies to specific subsections of the money laundering statute, §§ 1956(a)(1)(A), (a)(2)(A), and (a)(3)(A), that prohibit conducting certain financial transactions with the intent to promote the carrying on of specified unlawful activity. The government further argues that the term "otherwise" set forth in § 2S1.1(a)(2) clearly refers to convictions under §§ 1956(a)(1)(B), (a)(2)(B), and (a)(3)(B). The government thus claims that the Sentencing Commission intended that defendants convicted with the intent to promote the carrying on of unlawful activity receive greater sentences than defendants who acted otherwise. The government points out that Acanda pled guilty to Count II, which alleged that Acanda conspired "to conduct financial transactions involving drug proceeds … with the intent to promote the carrying on of said unlawful activity." The government claims that there is no case law, controlling or persuasive, that requires a conviction of a substantive offense to precipitate the base offense level of 23 under § 2S1.1(a)(1). Moreover, the government argues that the rule of lenity does not apply because the term "otherwise" used in § 2S1.1(a)(2) is not ambiguous. The government contends that the term "otherwise" in § 2S1.1(a)(2) clearly refers to the subsections in § 1956 that are not listed in § 2S1.1(a)(1).

## II. STANDARD OF REVIEW

The question resolved by the district court concerned which base offense level was applicable to a § 371 conviction. Since no factual resolutions were made in that determination, the traditional *de novo* standard of review is applicable. *See* 18 U.S.C. § 3742; *United States v. Huppert*, 917 F.2d 507 (11th Cir. 1990).

## III. ANALYSIS

■ Acanda was convicted of conspiracy under 18 U.S.C. § 371. The indictment alleged that the goal of the conspiracy was, *inter alia*, to violate 18 U.S.C. § 1956. To score an offense level for an unspecified conspiracy under the sentencing guidelines, § 2X1.1 directs the practitioner to the base offense level for the offense which was the object of the conspiracy. Since Acanda was charged with conspiring to violate the money-laundering provisions of § 1956, the correct section of the guidelines is § 2S1.1, dealing with laundering of monetary instruments.

There is no express statement, either in the commentary provisions of § 2S1.1, or in the case law, as to what the Sentencing Commission had in mind by the use of the term "otherwise." The government's position is that the appropriate base offense level was 23. The government suggests that Acanda was convicted, through her plea to Count II of the indictment, of both 18 U.S.C. § 1956 and 18 U.S.C. § 371. Acanda argues that she was not convicted under 18 U.S.C. § 1956 but instead convicted of a corollary statutory provision, which necessarily invoked both provisions of § 1956. Moreover, she argues that even though the district court found that she was convicted under 18 U.S.C. § 1956, she was not. It is her position that § 2S1.1(a)(2) applies, and therefore that her base offense level is 20.

The government contends that in analyzing the propriety of the district court's calculations under the guidelines, we must first look to the specifics of Acanda's conviction. Acanda pled guilty to a conspiracy under 18 U.S.C. § 371 to violate 18 U.S.C. § 1956(a)(1). The district court properly directed itself to § 2X1.1(a) entitled "Attempt, Solicitation, or Conspiracy (Not Covered by a Specific Offense Guideline)." Section 2X1.1(a) provides:

Base Offense Level: The base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.

Acanda admits in her brief that the district court properly implemented § 2S1.1 entitled "Laundering of Monetary Instruments." Where Acanda contends the district court erred was in its selection of the wrong subsection under § 2S1.1.

The three different subsections of the money-laundering statute specifically targeted by § 2S1.1(a)(1), i.e., 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), and (a)(3)(A), each incorporate elements separate and distinct from the remainder of offenses included in § 1956, i.e., subsection (a)(1)(B), (a)(2)(B), and (a)(3)(B). While the guidelines do not specifically define the term "otherwise" as used in § 2S1.1(a)(2), it is evident to us that "otherwise" refers to convictions for violations of §§ 1956(a)(1)(B), (a)(2)(B), and (a)(3)(B). The commentary to § 2S1.1 states:

A higher base offense level is specified if the defendant is convicted under 18 U.S.C. §§ 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A) because those subsections apply to defendants who encouraged or facilitated the commission of further crimes.

In other words, the Sentencing Commission specifically intended defendants convicted of promoting further crimes to receive greater sentences than those defendants who did not act to maintain an ongoing cycle of criminal activity. *See United States v. Skinner*, 946 F.2d 176, 179 (2d Cir.1991).

Acanda admitted guilt to Count II of the indictment. Count II alleged that Acanda and others conspired to conduct a financial transaction involving drug proceeds, knowing that the transaction represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of said unlawful activity. Acanda points to *United States v. Fuller*, 974 F.2d 1474 (5th Cir.1992), *cert. denied sub nom. Foster v. United States*, —— U.S. ——, 114 S.Ct. 112, 126 L.Ed.2d 78 (1993), for the proposition that a conviction for conspiracy to launder money requires the district court to use § 2S1.1(a)(2) of the guidelines, because it is a conviction for a non-substantive offense. Acanda accurately observes that the district court in *Fuller* implemented § 2S1.1(a)(2) to calculate the defendant's sentencing range. However, the Fifth Circuit neither explicitly nor impliedly linked the district court's selection of § 2S1.1(a)(2) with the fact that the defendant had been convicted of conspiracy instead of a substantive money-laundering offense. The Fifth Circuit, noting that the objective of the *Fuller* conspiracy was to violate 18 U.S.C. § 1956(a)(1)(B), that is, not one of the predicate offenses for § 2S1.1(a)(1), stated that the district court applied a base offense level of 20 as required by § 2S1.1(a)(2). *United States v. Fuller*, 974 F.2d at 1479, 1483. In the present case, the district court's application of guideline §§ 2X1.1 and 2S1.1(a)(1) to Acanda's conviction for the conspiracy to violate 18 U.S.C. § 1956(a)(1)(A) was completely consistent with the district court's implementation of § 2S1.1(a)(2) in *Fuller.*

Acanda also relies on *United States v. Loehr*, 966 F.2d 201 (6th Cir.) *cert. denied*, —— U.S. ——, 113 S.Ct. 655, 121 L.Ed.2d 582 (1992), to advance her contention that only a conviction for a substantive qualifying offense under § 2S1.1(a)(1) can precipitate a base offense level of 23 under the guidelines. What Acanda fails to acknowledge is that, unlike her case, the defendant in *Loehr* was convicted of an offense involving money-laundering activities other than those specified under § 2S1.1(a)(1), i.e., 18 U.S.C. §§ 1956(a)(1)(A), (a)(2)(A), and (a)(3)(A). *Id.* at 202. *Loehr* was convicted of an offense under 18 U.S.C. § 1956(a)(3)(B), an offense clearly intended by the Sentencing Commission to prescribe the base offense level of 20 under § 2S1.1(a)(2).

While our circuit has not decided the issue presented in this appeal, the Second Circuit in *United States v. Restrepo*, 936 F.2d 661, 665 (2d Cir.1991), has concluded that § 2S1.1(a)(1) of the guidelines, with its base offense level of 23, is to be applied to convictions for both the substantive 18 U.S.C. § 1956(a)(1)(A) offense, and also for the conspiracy to violate § 1956(a)(1)(A), under § 2X1.1(a). We find the reasoning of the Second Circuit in *Restrepo* persuasive. Ac-

cordingly, we hold that the district court correctly applied the sentencing guidelines in setting Acanda's base offense level at 23.

■ We disagree with Acanda's argument that we should apply the rule of lenity to her case on the ground that the meaning of "otherwise" under guidelines § 2S1.1(a)(2) is unclear. While the word "otherwise" standing alone could be ambiguous, we see no ambiguity in the context of guideline § 2S1.1(a)(2). Section 2S1.1 incorporates only two possibilities. A defendant convicted of a conspiracy to commit money laundering is subjected to sentencing calculations under either §§ 2S1.1(a)(1) or (a)(2). Section 2S1.1(a)(1) lists specific subsections of 18 U.S.C. § 1956 to which it applies. Subsection (a)(2), utilizing the term "otherwise," applies to convictions under the remaining subsections of § 1956. In our view, "otherwise" refers to those remaining subsections.

In conclusion, we hold that the term "otherwise" in the context of § 2S1.1(a)(2) is not unclear or ambiguous, and thus the rule of lenity does not apply in this case. We affirm Acanda's sentence.

AFFIRMED.