**UNITED STATES of America,
Plaintiff,**

v.

**Mae ROBINS, Defendant.**

**No. CRIM.A.6:99–00042–02.**

United States District Court,
S.D. West Virginia.
Parkersburg Division.

July 15, 1999.

Miller A Bushong III, Charleston, W.Va., for plaintiff.

Hunt L. Charael, Charleston, W.Va., for defendant.

### MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

The defendant, Mae Robins, pleaded guilty on April 20, 1999 to conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h). Since that time, the United States Office of Probation, at the Court's direction, has prepared a presentence investigation report. The defendant objects to the probation officer's calculation of the defendant's base offense level. For reasons explained more fully below, the Court **OVERRULES** the objection of the defendant to the probation officer's base offense level calculation.

### I.

The parties have no serious quarrel over the relevant facts. In 1996, law enforcement officials in Atlanta, Georgia stopped and searched a truck carrying approximately 150 pounds of marijuana. The driver of the truck, Rodney James, agreed to cooperate with Georgia officials. James named a Parkersburg man, Greg Smith, as a major West Virginia dealer of marijuana and an Atlanta man, Randy McGill, as his source. Nearly two years later, McGill's wife, a Parkersburg native, was arrested on charges of driving under the influence.

---

17. *See* Fed.R.Civ.P. 26(c).

18. *See* Fed.R.Civ.P. 11(b), (c).

She also agreed to cooperate with officials in the investigation of her husband's drug offenses. By virtue of her revelations, officials were able to convince Randy McGill to cooperate, a fortuitous circumstance that lead to the identification of Edward Greene as McGill's source of drugs in the Bahamas and Mae Robins as the courier of drugs between Greene and McGill. It appears that Robins had—on several occasions—delivered cocaine to McGill, received payments from him, and returned the money to Greene.[1]

Robins was arrested on February 21, 1999. A criminal complaint issued the next day, and a grand jury indictment followed on March 2, 1999. The two-count indictment charged Edward Greene and Mae Robins with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The defendant has pleaded guilty to count two, the conspiracy to commit money laundering charge.

## II.

In anticipation of sentencing, the Court has caused the United States Probation Office to conduct a presentence investigation report. Applying the pertinent United States Sentencing Guidelines (Guidelines or U.S.S.G.), the report calculates a final offense level of twenty-two and a criminal history category of I. Those calculations, if correct, would yield a Guidelines imprisonment range of forty-one to fifty-one months.

To get to its result, the report suggests that the applicable guideline for a violation of 18 U.S.C. § 1956(h) is found in U.S.S.G. § 2S1.1. (*See* Presentence Investigation Report ¶ 13.) The report further suggests that "[a]s the object of the conspiracy is found in 18 U.S.C. § 1956(a)(2)(A), the

Base Offense Level is 23, according to U.S.S.G. § 2S1.1(a)(1)." (*Id.*) The report then adds four points based upon specific offense characteristics: that the defendant knew the funds she received were payments for her illegal importation of cocaine and that the value of the funds received by the defendant was between $100,000 and $200,000. (*Id.*) The offense level was then reduced by five points based upon the defendant's minor role in the offense and her acceptance of responsibility. (*Id.*) Thus, the final offense level was calculated as twenty-two.

The defendant argues that the report improperly calculated the base offense level.[2] The defendant specifically contends that the base offense level for money laundering is twenty, unless the defendant is "convicted under 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A)." U.S. SENTENCING GUIDELINES MANUAL § 2S1.1(a)(1) (1998). Only if the defendant is "convicted under" one of those subsections, she argues, could the base offense level be twenty-three.

The issue for consideration by this Court is whether a defendant convicted under 18 U.S.C. § 1956(h) for conspiring to violate 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A) is given a base offense level of twenty or twenty-three. The Fourth Circuit has not yet addressed the issue, but it is one of particular significance. Here, for example, were the defendant correct, the final offense level would be nineteen. That offense level would yield a Guidelines imprisonment range of thirty to thirty-seven months, and could result in a sentence that would be as much as twenty-one months less than the sentence authorized at level twenty-two.

This Court finds that the proper base offense level for a defendant convicted under 18 U.S.C. § 1956(h) for conspiring to

---

**1.** The defendant was arrested in a sting operation in Atlanta, during which time she was actually in the process of delivering counterfeit cocaine. She admits having delivered actual cocaine on as many as ten separate occasions in return for money totaling approximately $100,000 to $200,000.

**2.** The defendant makes other objections that are not addressed here.

violate 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A) is a level twenty-three. *See also United States v. Monem,* 104 F.3d 905 (7th Cir.1997); *United States v. Acanda,* 19 F.3d 616 (11th Cir.1994).

The starting point for any Guidelines calculation is U.S.S.G. § 1B1.1. That section provides step-by-step instructions for how to calculate a Guidelines range. The first step, provided in Section 1B1.1(a), is to "[d]etermine the applicable offense guideline section from Chapter Two." U.S. SENTENCING GUIDELINES MANUAL § 1B1.1 (1998). To complete that step, the Court must turn to Appendix A.

Appendix A provides a list of statutory sections and the corresponding Guidelines section. The introduction to Appendix A, however, indicates that the offense guideline section for offenses involving a conspiracy is both Section 2X1.1 and the guideline for the substantive offense. Section 2X1.1(a), in turn, provides that the base offense level is calculated as "[t]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." *Id.* at § 2X1.1.

Based upon a reading of the plain language of each provision, Appendix A and Section 2X1.1(a) independently require that the Court determine first, what statute the defendant is charged with conspiring to violate and second, what the guideline offense level would have been for a conviction under that section. The Guidelines then require that the Court apply to the conspirator the same offense level as would have been applied to the perpetrator of the substantive offense.

In this case, the defendant conspired to violate 18 U.S.C. § 1956(a)(2)(A). This fact is found in the indictment and in the presentence investigation report and is admitted by counsel for the defendant. It is axiomatic that the offense level is, therefore, equal to the offense level that the defendant would have received had the defendant been convicted under 18 U.S.C. § 1956(a)(2)(A).

To determine the appropriate offense level for a violation of 18 U.S.C. § 1956(a)(2)(A), the Court again turns to Appendix A, as directed by Section 1B1.1. Appendix A indicates that the offense level calculations for violations of 18 U.S.C. § 1956(a)(2)(A) are found in U.S.S.G. § 2S1.1. The Court then applies Section 2S1.1(a), which provides for a base offense level of "23, if [the defendant is] convicted under 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A)" and a base offense level of twenty otherwise. U.S. SENTENCING GUIDELINES MANUAL § 2S1.1(a) (1998). Keeping in mind that the Court can calculate an offense level for a violation of § 1956(h) only by first determining an offense level for a conviction under § 1956(a)(2)(A), the base offense level for a violation of 18 U.S.C. § 1956(h) with a § 1956(a)(2)(A) violation as its object is necessarily the same as the base offense level for a conviction under § 1956(a)(2)(A).

It is at this step that the defendant argues that the plain language of the Sentencing Commission requires a different result. The defendant seizes upon the Sentencing Commission's use of the words "convicted under," and suggests that the

> Sentencing Commission certainly knows how to distinguish a substantive 'offense of conviction' from conspiratorial conduct that violates another statutory provision, but which had for its purpose, a substantive objective that could have been prosecuted under a different statutory subsection.... [I]f the Commission wished to include within Section 2S1.1(a)(1) those § 1956(h) conspiracy convictions that involve the objectives prohibited by the substantive offenses enumerated in (a)(1), it would have been an easy thing for the commission to simply say so.

(Letter from Hunt L. Charach, Federal Public Defender, to Danny R. Kuhn, Senior United States Probation Officer at 2)

(June 10, 1999) (attached to Presentence Investigation Report and filed with Court).

The defendant's point is well-argued. Nevertheless, this Court disagrees. The defendant appears to suggest that the result reached today is based on some sort of judicial slight of hand rooted in policy concerns. The defendant further suggests that the conclusion made in the presentence investigation report could be reached only if the Court ignores the "clear and unmistakeable [sic]" language of the sentencing guidelines in favor of a healthy dose of what defense counsel refers to as distasteful judicial activism. (*Id.*) The defendant argues that the Sentencing Commission should have said that a level twenty-three also applies if the defendant is convicted under § 1956(h) where the underlying conspiracy was a violation of 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), (a)(3)(A).

To the contrary, the "clear and unmistakable" language of the guidelines weighs in favor of a finding that the proper base offense level for a defendant convicted under 18 U.S.C. § 1956(h) for conspiring to violate 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A) is level twenty-three. The Guidelines specifically require the Court to calculate the offense level for a § 1956(h) violation as if the defendant were convicted of the underlying object of the conspiracy. Thus, for sentencing purposes, the violation of the conspiracy statute is completely transformed into a violation of the underlying substantive statute. Because that task requires the Court to complete its Guidelines calculations as if the defendant were convicted of the underlying offense, any further reference would be pointless. At the point when Section 2S1.1 is finally referenced, the defendant is not being sentenced based upon a conspiracy offense. Instead, the defendant is being sentenced as if he were convicted under the underlying statute. Thus, were the Sentencing Commission to insert a reference back to the conspiracy statute, that reference would never be applied.

Based upon the preceeding reasoning and upon the reasoning and policy considerations discussed by the Courts in *Monem* and *Acanda*—with which this Court generally agrees—the objection offered by the defendant to the calculation of the base offense level in the presentence investigation report is **OVERRULED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, and the United States Probation Office.