**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4064

LAUIRE ANN MCGRUDER,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-98-47)

Submitted: September 21, 1999

Decided: October 7, 1999

Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George A. Mills, III, Huntington, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Ray N. Shepard, Assistant
United States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Lauire McGruder appeals her conviction for conspiracy to commit money laundering, in violation of 18 U.S.C.A. § 1956(h) (West Supp. 1999). The only issue she raises on appeal is whether the court erred in applying a base offense level of 23 under U.S. Sentencing Guidelines Manual § 2S1.1(a)(1) (1998) for a violation of 18 U.S.C.A. § 1956(h). Finding no error, we affirm.

McGruder pled guilty to count eighteen of the superseding indictment, which stated that she conspired with others to violate 18 U.S.C.A. § 1956(a)(1)(A)(i) (West Supp. 1999), in violation of 18 U.S.C.A. § 1956(h). At the plea hearing, McGruder stated that she was pleading guilty to count eighteen, and acknowledged that the Government had the requisite proof to convict her on that count. She also recited to the court what her conduct was that constituted the offense of conviction.

The object of the conspiracy was to launder money to promote an unlawful activity, a violation of 18 U.S.C.A. § 1956(a)(1)(A)(i). Because 18 U.S.C.A. § 1956(h) specifies that the penalty for this crime is the same as the penalty for the object of the conspiracy, USSG § 2S1.1(a)(1) applies and mandates a base offense level of 23. The commentary to the section also states that a higher base offense level is applied to defendants "who encouraged or facilitated the commission of further crimes." USSG § 2S1.1, comment. (backg'd). The conduct McGruder pled guilty to encouraged the further crime, and thus is covered by this commentary. In accordance with several other circuits, we hold that the appropriate base offense level for conspiring to violate 18 U.S.C.A. § 1956(a)(1)(A) to be 23 under USSG § 2S1.1(a). See United States v. Brace, 145 F.3d 247, 264 (5th Cir.), cert. denied, 67 U.S.L.W. 3300 (U.S. Nov. 2, 1998) (No. 98-6118), United States v. House, 110 F.3d 1281, 1287-88 (7th Cir. 1997), cert. denied sub nom. Hughes v. United States, 66 U.S.L.W. 3260 (U.S. Oct. 6, 1997) (No. 97-5141), United States v. Monem, 104 F.3d 905, 907-09 (7th Cir. 1997), United States v. Acanda , 19 F.3d 616, 619-20 (11th Cir. 1994), United States v. Restrepo, 936 F.2d 661, 665 (2d Cir. 1991).

2

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3