UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MARVIN DAVIS, JR.,
*Defendant-Appellant.*

No. 00-4550

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MARVIN DAVIS, JR.,
*Defendant-Appellant.*

No. 00-4673

Appeals from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-99-227)

Submitted: March 30, 2001

Decided: May 14, 2001

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

W. James Hoffmeyer, NETTLES, MCBRIDE & HOFFMEYER,
P.A., Florence, South Carolina, for Appellant. James R. Robinson,

Assistant Attorney General, Joshua R. Hochberg, Chief, Philip Urofsky, Senior Trial Attorney, J. Rene Josey, United States Attorney, Fraud Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Marvin Davis, Jr., was convicted by a jury of committing mail fraud, in violation of 18 U.S.C. § 1341 (1994), conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371 (1994), and conspiracy to commit money laundering, in violation of 18 U.S.C.A. § 1956(h) (West 2000). Davis timely appealed his convictions and sentence. Finding no error, we affirm.

Davis first contends that the district court erred in admitting evidence regarding Unction, Ltd., under Fed. R. Evid. 404(b). Rule 404(b) allows evidence of prior bad acts to establish intent, provided four criteria are met. The evidence must be (1) relevant to an issue other than character, (2) necessary, (3) reliable, and (4) its probative value must outweigh its prejudicial effect. *United States v. Wells*, 163 F.3d 889, 895 (4th Cir. 1998).

The evidence regarding Unction, Ltd., was relevant to Davis's intent. *See United States v. Van Metre*, 150 F.3d 339, 350 (4th Cir. 1998). The Unction, Ltd. evidence was also necessary, *see id.* at 351, and reliable. *See United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996). Furthermore, we conclude that the Unction, Ltd., evidence was not unduly prejudicial. *See Wells*, 163 F.3d at 896; *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995); *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). Accordingly, the district court properly admitted the Unction, Ltd., evidence pursuant to Rule 404(b).

Davis next contends that the district court erred in excluding proffered expert testimony concerning the complexities of offshore businesses as irrelevant. This court reviews that ruling for abuse of discretion. *United States v. Hassan El*, 5 F.3d 726, 731 (4th Cir. 1993).

Relevant evidence, defined as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, is generally admissible; evidence that is not relevant is not admissible. Fed. R. Evid. 401, 402. Davis offered the expert testimony in an attempt to negate the inference of criminal intent. We agree with the district court, however, that the relative complexities of offshore business do not bear upon Davis's state of mind with regard to the crimes charged. Thus, we find that the district court did not abuse its discretion in excluding that testimony as irrelevant.

Davis next contends that the district court erred in refusing to give an instruction on entrapment. We disagree. To be entitled to a requested jury instruction, the defendant must establish a sufficient evidentiary foundation to support the instruction. *United States v. Lewis*, 53 F.3d 29, 32 n.8 (4th Cir. 1995). To establish entrapment, the defendant must show that (1) the government induced him or her to commit a crime, and (2) the person induced had no predisposition to engage in the criminal act. *United States v. Sarihifard*, 155 F.3d 301, 308 (4th Cir. 1998). Even assuming that Davis could demonstrate a sufficient evidentiary foundation with regard to the first prong of the entrapment defense, he offers no evidence, nor is there any in the record, that he was not predisposed to engage in the criminal activities for which he was convicted. Thus, the district court correctly denied an entrapment instruction.

Davis next contends that the district court erred in giving a willful blindness instruction. Davis first declares that the district court erred because there was "no evidence that Davis ever took any action to avoid learning anything." Br. at 27. No such evidence is required, however; rather, the instruction need be supported only by evidence sufficient to support an inference of willful blindness. *See United*

*States v. Whittington*, 26 F.3d 456, 463 (4th Cir. 1994). We find the record sufficient to support such an inference.

Davis also contends that the district court's willful blindness instruction erroneously permitted the jury to convict Davis on the theory that Davis should have known about the fraud, instead of requiring the jury to find the specific intent required by the statute. The record, however, reveals that the district court adequately and properly instructed the jury on the Government's burden of proof.

Davis next contends that the district court erred in omitting a multiple conspiracy charge from its jury instructions. Davis did not request such an instruction at trial. Therefore, this court reviews the omission for plain error. Fed. R. Crim. P. 52(b); *United States v. David*, 83 F.3d 638, 641 (4th Cir. 1996). For this court to notice plain error, Davis must demonstrate that (1) an error occurred, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993). Under the first prong of plain error analysis, we conclude that the district court did not commit error by omitting a multiple conspiracy charge. *See United States v. Squillacote*, 221 F.3d 542, 574 (4th Cir. 2000).

Davis next contends that the district court erred in not giving an instruction on the good faith defense to money laundering and conspiracy to commit money laundering. Davis did not request such an instruction at trial, and therefore, this court reviews the alleged omission for plain error. *David*, 83 F.3d at 641. In determining whether the district court erred in its instructions to the jury, this court reviews the jury instructions in their entirety and as part of the whole trial, and focuses on whether the district court adequately instructed the jury regarding the elements of the offense and the defendant's defenses. *United States v. Wilson*, 198 F.3d 467, 469 (4th Cir. 1999). Under this standard of review, we conclude the district court's instructions adequately addressed Davis's good faith defense. The district court properly explained the good faith defense when charging the jury on the mail fraud counts and later told the jury that the same law applied to the money laundering counts. That was sufficient.

Davis next contends that audio-taped recordings of meetings between himself and government agents were obtained in violation of

the Fourth Amendment, and that the district court erred in admitting them into evidence. Specifically, Davis asserts that the recordings were unconstitutionally obtained because there was no warrant or court order authorizing them. We find, however, that the contested recordings do not implicate the Fourth Amendment. *See Askin v. McNulty*, 47 F.3d 100, 105 (4th Cir. 1995).

Davis next contends that the district court erred in denying his motion for acquittal on all counts. Specifically, Davis declares that the evidence was insufficient to establish the specific intent element of each of the crimes for which he was convicted. A jury's verdict must be upheld, however, if there is substantial evidence in the record to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). After reviewing the record in the light most favorable to the Government, *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc), we conclude that the evidence was sufficient to allow a reasonable finder of fact to conclude beyond a reasonable doubt that Davis possessed the criminal intent requisite to his convictions.

Davis next contends that the district court erred in determining his base offense level under *U.S. Sentencing Guidelines Manual* § 2S1.1 (1998) to be 23 and not 20. Davis was convicted in Count 18 of conspiring to engage in "promotion" money laundering, in violation of 18 U.S.C.A. § 1956(h), which provides that the penalty for such a conspiracy is the same as the penalty for the object of the conspiracy. Because Davis was convicted of conspiring to engage in "promotion" money laundering in violation of 18 U.S.C.A. § 1956 (a)(1)(A)(i) and (B)(i), *U.S. Sentencing Guidelines Manual* § 2S1.1(a)(1) applies and mandates a base offense level of 23. *See United States v. Brace*, 145 F.3d 247, 264 (5th Cir. 1998) (holding that the proper base offense level for conspiracy to violate § 1956(a)(1)(A) is 23), *United States v. House*, 110 F.3d 1281, 1287-88 (7th Cir. 1997) (same), *United States v. Acanda*, 19 F.3d 616, 619-20 (11th Cir. 1994) (same), *United States v. Restrepo*, 936 F.2d 661, 665 (2d Cir. 1991) (same).

Davis also contends that the district court's determination of the base offense level violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* is only implicated, however, when a defendant receives a sentence in excess of the statutory maximum, and not by the judge's exercise of discretion under the Sentencing Guidelines.

*United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000), *cert. denied*, ___ U.S. ___, 2001 WL 185105 (U.S. Mar. 19, 2001) (No. 00-8591). The district court sentenced Davis to forty-six months, a sentence well below the statutory maximum provided in § 1956. Thus, the district court's action represented a legitimate exercise of its sentencing discretion and did not result in the imposition of an unconstitutional sentence.

Finally, Davis contends that the district court erred in refusing to give him a reduction pursuant to USSG § 3B1.2 for his allegedly minor role in the offenses. This court reviews a district court's refusal to grant a reduction pursuant to USSG § 3B1.2 for clear error. *United States v. Edwards*, 188 F.3d 230, 237 (4th Cir. 1999). Having reviewed the record, we are convinced that it supports the district court's decision not to grant a role reduction under § 3B1.2.

Accordingly, we affirm Davis' convictions and sentence in all respects. We dispense with oral argument because the facts and legal contentions are adequately represented before the court and argument would not aid the decisional process.

*AFFIRMED*