UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

LAMONT COCHRAN,
  *Defendant-Appellant.*

No. 01-4739

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

TROY GILLIARD,
  *Defendant-Appellant.*

No. 01-4816

Appeals from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-00-248)

Submitted: April 23, 2002

Decided: June 3, 2002

Before LUTTIG and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

———————————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————————————

**COUNSEL**

David Schles, STOWERS & ASSOCIATES, Charleston, West Virginia; Teresa Clark Toriseva, HENDRICKSON & LONG, Charleston, West Virginia, for Appellants. Kasey Warner, United States Attorney, Lisa A. Green, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lamont Cochran and Troy Gilliard each pled guilty to conspiracy to commit money laundering, 18 U.S.C.A. § 1956(h) (West 2000). Cochran was sentenced to 144 months imprisonment and Gilliard received a sentence of 100 months imprisonment. Both appeal their sentences. Cochran alleges that the district court clearly erred in finding that he was a leader or organizer in the underlying drug offense, *U.S. Sentencing Guidelines Manual* § 3B1.1(a) (2000), and erred in finding that the base offense level for his violation of § 1956(h) was 23 under USSG § 2S1.1(a)(1). Gilliard maintains that the district court erred in finding that two of his prior convictions were not related cases, USSG § 4A1.2(a)(2), comment. (n.3), and abused its discretion in refusing to depart based on his rehabilitation from drug addiction.

Between 1992 and 1999, Cochran distributed approximately 32,940 dilaudid tablets worth about $599,980 to James and Larry (Frankie) Endicott and Henry Taylor in Huntington, West Virginia. The dilaudid was then widely redistributed. Cochran transported the dilaudid from New York to West Virginia with the help of his co-defendants, Troy Gilliard and Monica Slash. Cochran and Gilliard were both charged with conspiracy to distribute dilaudid, three counts

of distributing dilaudid, and conspiracy "to launder monetary instruments, in violation of 18 U.S.C.A. § 1956(a)(1)(A)(i),"[1] as set forth in Count Five, which charged a violation of 18 U.S.C.A. § 1956(h).[2] Both pled guilty to Count Five.

First, Cochran maintains that there was no factual support for the district court's finding that he was a leader in the offense because there was no evidence that he had any contact with the people to whom his customers sold dilaudid. We review the district court's factual finding for clear error. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997) (stating standard of review). Most critical of the factors considered by the court is that it was Cochran who obtained a large quantity of dilaudid from his source in New York and arranged for it to be transported to West Virginia and sold there. The court found that Cochran was "the central figure" in the dilaudid distribution and that the others involved in dilaudid sales who did not deal directly with him were nevertheless connected to him in that they were dependent on the drugs he supplied. Adjustments are determined on the basis of relevant conduct. *See* USSG § 1B1.3(a). Reasonably foreseeable conduct of other participants in a jointly undertaken criminal activity may be imputed to the defendant. USSG § 1B1.3(a)(2). Implicit in the court's finding was that Cochran could reasonably foresee that the dilaudid he sold to his customers would be further distributed. We cannot say that the court clearly erred in finding that he was a leader in the offense.

---

[1] Title 18, section 1956(a)(1)(A)(i) provides that:

[w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—with the intent to promote the carrying on of specified unlawful activity . . . shall be sentenced to a fine of not more than $500,000 . . . or imprisonment for twenty years, or both.

[2] Title 18, section 1956(h) provides that, "[a]ny person who conspires to commit any offense defined in this section . . . shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."

We next find that the district court properly applied a base offense level of 23. Guideline section 2S1.1(a) provides a base offense level of 23 if the defendant is "convicted under 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A)." Otherwise, a base offense level of 20 applies under USSG § 2S1.1(a)(2). The district court's interpretation of the guidelines presents a question of law and is reviewed de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Cochran argues that § 2S1.1(a)(1) did not apply in his case because he was convicted of violating § 1956(h), not § 1956(a). However, Count Five, to which he pled guilty, charged him with conspiring to launder money in violation of § 1956(a)(1)(A)(i). The object of the conspiracy was thus to launder money to promote an unlawful activity, which is a violation of § 1956(a)(1)(A)(i).

Because § 1956(h) specifies that the penalty for that crime is the same as the penalty for the object of the conspiracy, § 2S1.1(a)(1) was properly applied and Cochran's base offense level was correctly set at 23. *See United States v. Brace*, 145 F.3d 247, 274 (5th Cir. 1998) (holding that proper base offense level for conspiracy to violate § 1956 (a)(1)(A) is 23); *United States v. House*, 110 F.3d 1281, 1287-88 (7th Cir. 1997) (same); *United States v. Acanda*, 19 F.3d 616, 619-20 (11th Cir. 1994) (same); *United States v. Restrepo*, 936 F.2d 661, 665 (2d Cir. 1991) (same).

Gilliard contends that two of his prior sentences arose from related cases, USSG § 4A1.2(a)(2), comment. (n.3), and should have counted as one sentence in his criminal history. Gilliard was arrested for grand larceny in February 1993 and for bail jumping in November 1994.[3] He entered guilty pleas in both cases and, in November 1994, he was given an identical sentence for each offense in the same New York court. When the facts concerning prior convictions and sentences are undisputed, whether they are related cases for criminal history purposes is a legal question reviewed de novo. *United States v. Allen*, 50 F.3d 294, 296 (4th Cir. 1995). Even when prior cases have been consolidated for sentencing (as Gilliard argued at sentencing that these sentences were), if there is an intervening arrest, such cases must be considered unrelated for criminal history purposes. *United States v. Huggins*, 191 F.3d 532, 539 (4th Cir. 1999). Here, there was an inter-

---

[3]In addition, he was arrested for drug possession in December 1993.

vening arrest. *See* USSG § 4A1.2, comment. (n.3) (explaining that intervening arrest occurs when defendant is arrested for the first offense before he commits the second arrest). Thus, the district court did not err in treating Gilliard's prior sentences as unrelated.

Finally, Gilliard seeks to appeal the district court's refusal to depart based on his apparently successful rehabilitation from crack addiction prior to his arrest for the instant offense. Post-offense rehabilitation may serve as a basis for a downward departure, *United States v. Brock*, 108 F.3d 31, 35 (4th Cir. 1997), and the record discloses that the district court was aware of its authority to depart on this ground. Nonetheless, the district court determined that a departure was not warranted. Its decision is not reviewable. *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990).

We therefore affirm the sentences. We dismiss that portion of Gilliard's appeal which contests the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*